DOMENGEAUX, Judge.
An understanding of the procedural history of this case is essential to the determination of the issues presented by the appellant. The plaintiff-appellee, NORECO, Inc., is a Louisiana corporation; the defendant-appellant, James Blessing, is a Georgia domiciliary. On July 12, 1984, NO-RECO sued Blessing in the Tenth Judicial District Court in and for the State of Louisiana for the balance due on a promissory note. Service of process was accomplished by use of the Louisiana Long Arm Statute.
On July 25, 1984, NORECO filed an affidavit establishing that a copy of the pleadings had been properly mailed to Blessing, as required by La.R.S. 13:3205. After the appropriate delays had expired, NORECO took a preliminary default which was confirmed on the 31st of August.
Subsequently, the defendant filed a petition in the U.S. District Court for the Western District of Louisiana, seeking to remove the case to federal court on the basis of diversity jurisdiction. Notice of removal was filed in the Tenth Judicial District Court in and for the State of Louisiana on September 5, 1984. On September 12th defendant-Blessing filed in federal court a motion for a new trial and/or relief from judgment. On September 13th, NORECO countered by filing a motion for remand. Both motions were set for hearing on October 16th.
At the hearing the federal court first considered the plaintiff’s allegation that a remand to state court was in order. The federal bench agreed, finding that the petition for removal was filed more than thirty days from the date of service on the defendant, in violation of 28 U.S.C. § 1446(b). Since the federal court remanded the case it never considered the defendant’s motion for new trial and/or relief from judgment.
Once jurisdiction was firmly settled back in the state court, the defendant moved to set a hearing date on the motion for new trial previously filed in federal court. NO-RECO objected, alleging that the motion for new trial was untimely filed in the federal court, and hence, the motion was not remanded with the rest of the case to state court. Basically, NORECO’s argument in the court below and in this Court is that no motion for new trial was presented to the Tenth Judicial District Court. Blessing, however, maintains that the motion was timely filed and therefore properly before the state court for determination. The Tenth Judicial District Court held in favor of NORECO. We affirm.
The appellant alleges the trial court’s error in:
1. Failing to give effect to the motion for new trial which was filed within, the delay provided by the Louisiana Code of Civil Procedure; and
2. Failing to grant the appellant’s motion for new trial.
The appellant strenuously argues that since his motion for new trial and/or relief from judgment was filed within the applicable Louisiana Code of Civil Procedure delay, it was timely filed and therefore before the Tenth Judicial District Court for determination. The appellant overlooks the fact that the above-mentioned motion was filed in federal court and that the federal court delays had expired before the motion was filed.
La.C.C.P. art. 1974 provides that a motion for a new trial shall be filed within seven days, exclusive of holidays, from the date the judgment was signed. Had the appellant filed his motion in state court, the September 12th filing would have been timely. However, Federal Rule of Civil Procedure 59(b) requires a motion for a new trial to be filed within ten days after entry of judgment. Since the default judgment taken in state court was confirmed on August 31, the federal delay for filing a motion for new trial expired on the 10th of September. Having filed an untimely motion in federal court, the appellant cannot *282 seek to breathe life back into the motion by applying state court delays to the federal filing. The fact that the case was subsequently remanded to state court is immaterial. The appellant’s first assignment of error is without merit.
Secondly, the appellant argues that the trial court erred in failing to grant the motion for new trial. We have determined that the motion filed in federal court was untimely, and for that reason it could not have been “remanded” with the rest of the case to state court. Further, the record establishes that no motion for new trial was filed in the state court. We therefore conclude that no motion for new trial was presented to the state court for determination. The appellant’s second assignment of error is without merit.
For the above and foregoing reasons, the judgment of the district court is affirmed. All costs on appeal are to be taxed to the appellant.
AFFIRMED.